CRENSHAW, Judge.
 

 Ronald Szewczyk challenges the post-conviction court’s order dismissing as untimely his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850(b). We reverse.
 

 Rule 3.850(b) provides that in a noncapi-tal case, a motion for postconviction relief is timely if filed within the two-year period following the date on which the judgment and sentence become final. If the last day of the period ends on a legal holiday, “the period shall run until the end of the next day that is neither a Saturday, Sunday, nor legal holiday.” Fla. R.Crim. P. 3.040;
 
 see also
 
 Fla. R.App. P. 9.420(f).
 

 This court per curiam affirmed Mr. Szewczyk’s direct appeal, and the mandate issued on September 7, 2007.
 
 See Szewczyk v. State,
 
 963 So.2d 239 (Fla. 2d DCA 2007) (table decision). Mr. Szewczyk had until September 7, 2009, to file his motion for postconviction relief. However, since the two-year period ended on Labor Day, a legal holiday, he had until the next day to file his motion. Thus Mr. Szewczyk’s motion for postconviction relief, filed on September 8, 2009, was timely.
 

 Accordingly, we reverse the postconviction court’s order and remand for the court to consider the timely filed motion.
 

 DAVIS and WALLACE, JJ., Concur.